**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**GARCIA-CARRANZA**

*Petitioner*,

v. Case No. 2:26-cv-03306-BCL-atc

**CHRISTOPHER BULLOCK,** New Orleans Field Office Director of Immigration and Customs Enforcement; Enforcement and Removal Operations.

*Respondent*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Esmeralda Garcia Carranza has filed a Petition for Writ of Habeas Corpus in which she is challenging her immigration detention. Doc 1. This Court ordered a response from Respondent and further provided a window for Petitioner to file a reply to that response. Doc. 5. Respondent argues that Petitioner has not exhausted administrative remedies, Doc. 7. at 2-3, and Petitioner has now replied. Doc. 8. For the reasons that follow, the Petition is **DENIED**.

Petitioner has failed to exhaust her administrative remedies. Respondent notes that to date, Petitioner "has not made a bond request or a custody determination request with the immigration court." Doc. 7 at 4. Petitioner does not argue otherwise. Doc. 8 at 17. So, Petitioner is asking this Court to step in in the first instance and order her released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 6. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

Petitioner has put forward no argument that would justify dispensing with exhaustion here. Petitioner points to many of the facts she claims would support bond—e.g., family support, community ties, employment history—but that is no more than an attempt to improperly substitute this court for the Executive Branch decisionmaker, which is an approach that would render prudential exhaustion toothless. And Petitioner states that she has anxiety, but (A) such a generalized statement of a health concern cannot support dispensing with prudential exhaustion and (B) to the extent Petitioner views her anxiety as supporting need for release, she is responsible

for the delay attendant to her attempt to bypass the Immigration Courts that could afford her that release.

Petitioner next argues that pursuing a bond hearing before an Immigration Judge would be futile. Doc. 8 at 4-5. Specifically, Petitioner argues that she is unlikely to succeed before the Immigration Judge and BIA because of a pattern (which Petitioner asserts but does not prove) of purportedly "pretextual" denials of bond in other cases. That does not suffice to excuse the need for exhaustion in this case, because "the crucial inquiry [is] whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) (emphasis added). And certainly, mere claims of pretext without actual support cannot warrant excusing exhaustion; to hold otherwise would be inconsistent with the presumption of regularity to which the politically accountable Executive Branch is rightly entitled. *See Acevedo-Solis v. Bullock*, No. 2:26-CV-02816-BCL-TMP, 2026 WL 2137955, at *2 (W.D. Tenn. July 20, 2026). And while Petitioner suggests that Immigration Court bond hearings are insufficiently individualized, she (A) disclaims any contention that "Memphis custody decision[s]" are "inherently flawed"; (B) offers no evidence that Immigration Courts ignore individualized evidence and are unworthy of the just-mentioned presumption of good faith; and (C) seeks relief (an expedited hearing on short turnaround) that is at odds with her contention that immigration bond hearings should be slower and more deliberate to allow for individualized consideration.

Finally, Petitioner argues that the Court should retain jurisdiction for the purpose of micromanaging the administrative process. Doc. 8 at 9-10, 15-17. Petitioner offers no legal argument for why the Court should take this course, which is alone sufficient to justify rejecting it. Nor does Petitioner substantiate her seeming distrust of the coequal branch of Government she

asks the Court to superintend, a point only underscored by the presumption of good faith to which that coequal branch is entitled. As the Court earlier noted, prudential exhaustion exists in part to protect the separation of powers; the Court will not subvert that purpose by retaining jurisdiction to superintend the Executive Branch at the behest of a litigant who attempted to bypass it.

## CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 2nd day of November, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE